**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE, )
)
)
)
v. ) ID Nos. 1306011494, 2204005694
)
CARL W. EVANS, )
)
)
Defendant. )
)

Date Submitted: November 7, 2023
Date Decided: January 3, 2024

## <u>ORDER</u>

Upon consideration of Defendant Carl Evans' ("Evans") Letter Request for Sentence Modification ("Motion"),[1] Superior Court Criminal Rule 35(b), statutory and decisional law, and the record in this case, **IT APPEARS THAT:**

(1) On December 16, 2013, Evans pled guilty in the case ending in 1494[2] to Drug Dealing, Aggravated Possession (IN13-06-1376); Possession of a Firearm During the Commission of a Felony ("PFDCF") (IN13-06-1873); and Conspiracy Second (IN13-06-1380).[3]

---

[1] D.I. 24B. Evans submitted a letter to the Court asking for his VOP sentence to run concurrently with his sentences for two Drug Dealing convictions (IN22-04-1418 and IN22-04-1419). *Id.* While he did not explicitly move under Rule 35(b), the Court considers his Motion under that rule.
[2] For ease of reference, the Court will refer to the case ending in 1494 as the "A Case" and the case ending in 5694 as the "B Case."
[3] D.I. 9A.

(2) On March 14, 2014, Evans was sentenced as follows: for Drug Dealing, Aggravated Possession, 25 years at Level V suspended after 4 years, for 2 years Level IV Plummer Center suspended after 6 months, for 1 year Level III TASC; for PFDCF, 4 years at Level V; and for Conspiracy Second, 1 year at Level V suspended for 1 year Level III.[4]

(3) On July 11, 2022, Evans was indicted in the B Case.[5] On December 28, 2022, he pled guilty to two counts of Drug Dealing in the B Case.[6] That same day, Evans was found in violation of probation (VOP) in the A Case.[7]

(4) Evans was sentenced for the B Case and the VOP's in the A Case on April 28, 2023.[8]

(5) On April 28, 2023, Evans was sentenced as follows in the A Case: for VOP Drug Dealing, Aggravated Possession (VN13-06-1376-02), 19 years 11 months at Level V suspended after 5 years, for 1 year Level III; and for VOP Conspiracy Second (VN13-06-1380-02), 2 years at Level V suspended for 1 year Level III.[9]

(6) In the B Case, Evans was sentenced as follows: Drug Dealing (IN22-

---

[4] D.I. 11A. Evans' probation is to run concurrently. *Id.* On April 18, 2019, the Court granted in-part a motion for sentence modification, changing the Level IV portion of Evans' sentence to DOC Discretion. D.I. 28A.

[5] D.I. 3B.

[6] D.I. 11B.

[7] D.I. 44A.

[8] D.I. 44A, D.I. 16B.

[9] D.I. 45A. Evans' probation on both VOPs is concurrent to any probation now serving. *Id.*

04-1418) 20 years at Level V suspended after 5 years, for 15 years Level IV DOC Discretion suspended after 6 months, for 18 months Level III; and for Drug Dealing (IN22-04-1419), 8 years at Level V suspended after 2 years, for 12 months Level III.[10]

(7)     On November 13, 2023, Evans filed the instant Motion.[11]  He asks the Court to modify his sentence so the VOP sentence in the A case runs concurrent with his sentence in the B Case.[12]  In support of his Motion, Evans cites to his good behavior and current employment status.[13]

(8)     Rule 35(b) governs motions for modification or reduction of sentence.[14] The purpose of Rule 35(b) is to "provide a reasonable period for the Court to consider alteration of its sentencing judgments."[15]  Rule 35(b) contains procedural bars for timeliness and repetitiveness.[16]  Under Rule 35(b), the "[C]ourt may reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed."[17]  Furthermore, under Rule 35(b) "[t]he [C]ourt will not consider

---

[10] D.I. 16B.  The first 2 years of this sentence is pursuant to a mandatory minimum, and his probation is to run concurrently.  *Id.*
[11] D.I. 24B.  Evans seeks to readdress a letter he filed to the Court on May 3, 2023.  D.I. 24B, D.I. 13B.  Because Evans was still represented by counsel and pursuing an appeal in the B Case (D.I. 15B, D.I. 19B) the Court did not address his May letter and instead forwarded it to defense counsel.  D.I. 15B.  On November 9, 2023, Evans filed a motion to dismiss the appeal in the B Case.  D.I. 23B.
[12] D.I. 24B.
[13] *Id.*
[14] Super. Ct. Crim. R. 35(b).
[15] *State v. Remedio*, 108 A.3d 326, 331 (Del. Super. 2014).
[16] Super. Ct. Crim. R. 35(b).
[17] *Id.*

3

repetitive requests for reduction of sentence."[18]

(9) Evans' Motion is not procedurally barred. The Court views Evans present Motion as a renewal of the letter motion he first filed on May 3, 2023,[19] five days after sentencing.[20]

(10) Rule 35(b) places the burden of proof on "the movant to establish cause to modify a lawfully imposed sentence."[21] Although Rule 35(b) does not set forth specific criteria which must be met before the Court may grant a Rule 35(b) motion, "common sense dictates that the Court may modify a sentence if present circumstances indicate that the previously imposed sentence is no longer appropriate."[22]

(11) Pursuant to an agreement with the State, Evans pled guilty in the B Case to one count of Drug Dealing Marijuana and one count of Drug Dealing Heroin.[23] In accordance with Rule 11(c),[24] the Court personally addressed Evans in open court and determined that he understood the nature of the charges to which the plea was offered, the mandatory minimum penalty provided by law, and the maximum

---

[18] *Id.*

[19] D.I. 15B. *See* Super. Ct. Crim. R. 35(b) (The Court "may decide the motion or defer decision while an appeal is pending.").

[20] Evans was sentenced in both the A and B case on April 28, 2023. D.I. 44A, D.I. 16B.

[21] *State v. Joseph*, 2018 WL 1895697, at *1 (Del. Super. Apr. 11, 2018).

[22] *State v. Bailey*, 2017 WL 8787504, at *1 (Del. Super. Oct. 3, 2017).

[23] D.I. 11B.

[24] Super. Ct. Crim. R. 11(c).

possible penalty provided by law.[25] Evans acknowledged that the range of possible penalties included the sentence imposed by the Court in this case.[26] Evans further acknowledged that by accepting the plea in the B Case he would automatically trigger the VOPs in the A Case.[27]

(12) Evans has failed to present any evidence that would warrant a modification or reduction in his sentence. As such, the Court finds that a reduction in Evans' sentence would unduly depreciate the offense and that it remains appropriate for all the reasons stated at the time of sentencing.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Evans' Letter Request for Sentence Modification is **DENIED**.

_/s/ Jan R. Jurden_
Jan R. Jurden, President Judge

Original to Prothonotary
cc:    Beth D. Savitz, DAG
        Carl Evans (SBI # 00558322)

---

[25] By statute and as listed on the Truth-in-Sentencing Guilty Plea Form, which he signed, Evans agreed to plead guilty, knowing he could be sentenced to a range of 2 to 25 years at Level V for Drug Dealing, Tier 3; and 0 to 8 years for Drug Dealing, no tier. D.I. 11B. *See* 16 *Del. C*. § 4752 (classifying Drug Dealing, Tier 3 as a Class B Felony); *see also* 11 *Del. C*. § 4205(2) (allowing for a maximum of 25 years to be served at Level V for a Class B felony). *See 16 Del. C*. § 4754 (classifying Drug Dealing as a Class D felony); *see also* 11 *Del. C*. § 4205(b)(4) (allowing for a maximum of 8 years to be served at Level V for a Class D felony).
[26] D.I. 20B.
[27] *Id.*

5